UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
MARLA HUNT,                    )
                               )
        Plaintiff,             )
                               )
    v.                         )   Civil Action No. 03-900 (RWR)
                               )
DEPUY ORTHOPAEDICS, INC.,      )
                               )
        Defendant.             )
_____)
```

**MEMORANDUM OPINION AND ORDER**

Plaintiff Marla Hunt sued Depuy Orthopaedics, Inc., manufacturer of her prosthetic hip, claiming that the prosthesis had to be removed because it was defective. Plaintiff has moved for leave to amend her complaint to add a claim for breach of express warranty and to more clearly articulate a replevin cause of action that is stated in her original complaint. She also seeks leave to take one additional deposition. Defendant opposes, arguing that plaintiff's motion is belated and groundless. Because leave to amend should ordinarily be freely given and the defendant did not demonstrate any prejudice, plaintiff's belated motions to amend and to take an additional deposition will be granted.

BACKGROUND

Plaintiff's original complaint, filed on January 16, 2003, contains three causes of action: breach of implied warranty of fitness for a particular purpose, breach of implied warranty of

-2-

merchantability, and replevin.  The initial scheduling order set an August 27, 2003 deadline for amending the complaint and a February 27, 2004 deadline for completing discovery, which was later extended to August 2, 2004.  Defendant filed a motion for summary judgment on July 26, 2004.  Plaintiff filed her opposition to that motion on August 23, 2004, and on the same day filed motions for leave to file an amended complaint and for leave to conduct a deposition of her surgeon who implanted the prosthesis, Dr. James Graeter.

In her proposed amended complaint, plaintiff seeks to add a claim for breach of express warranty.  Plaintiff alleges that on January 10, 1994, upon installing the prosthesis at issue, Dr. Graeter told her that it would last for "25 years to life." (Mot. to File Amended Complt. ("Mot. to Amend") at 3.)  Plaintiff "believes and avers" that this statement was "based on information that was supplied to [Dr. Graeter] by the defendant and its representatives."  Id.  Alleging that Dr. Graeter "has declined to discuss his treatment of the plaintiff in any format other than a deposition," plaintiff requests leave to depose Dr. Graeter.  Id. at 3-4.[1]

---

[1] Plaintiff's proposed amended complaint also "seeks to more clearly articulate a cause of action for Replevin."  (Mot. to Amend at 4.)  Defendant's opposition to the motion does not address this, focusing only on the proposed express warranty claim.  Because defendant does not oppose this amendment, it will be allowed.  Fuller v. Alexander, 440 F. Supp. 380, 382 (D.D.C. 1997).

## DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Factors to consider in evaluating a motion to amend include 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" Brodetski v. Duffey, 141 F. Supp. 2d 35, 41 (D.D.C. 2001) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). Courts also consider the relation of the proposed amended complaint to the original one, favoring proposed complaints that do not "radically alter the scope and nature of the case." Miss. Ass'n of Coops. v. Farmers Home Admin., 139 F.R.D. 542, 544 (D.D.C. 1991); see also Childers v. Mineta, 205 F.R.D. 29, 32-33 (D.D.C. 2001).

"[U]ndue delay is a sufficient reason for denying leave to amend." Atchinson v. District of Columbia, 73 F.3d 418, 426 (D.C. Cir. 1996)(citing Foman, 371 U.S. at 182). Delay alone, however, does not suffice as a ground for denying leave. Id.; see also Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987). "Consideration of whether delay is undue, however, should generally take into account the actions of other parties and the possibility of any resulting prejudice."

-4-

Atchinson, 73 F.3d at 426.  The extent to which an amendment of a complaint would require additional discovery is a factor in assessing potential prejudice.  See id. at 426; M.K. v. Tenet, 216 F.R.D. 133, 139 (D.D.C. 2002).

To determine if the threat of prejudice to the opposing party is great enough to warrant denying leave to amend, courts consider "'the hardship to the moving party if leave to amend is denied, the reasons for the moving party failing to include the material to be added in the original pleading, and the injustice resulting to the party opposing the motion should it be granted.'"  Childers, 205 F.R.D. at 32 (quoting 6 Wright, Miller, and Kane, Federal Practice & Procedure, § 1487 at 621, 623 (3d ed. 2001)).

Defendant has demonstrated that plaintiff's delay in filing the motions was unjustified.  Plaintiff knew of the factual basis for her new express warranty claim - - that Dr. Graeter told her that the prosthesis would last twenty-five years to life - - for at least nine years before she filed her complaint in January 2003.  (Pl's P. and A. in Opp. to Def.'s Mot. for Summ. J. ("Pl's Summ. J. Opp.") at 4.)  She never deposed her doctor while discovery was open.  Plaintiff waited twelve months beyond the deadline for amending her complaint before acting to amend.  She claims that the source of Dr. Graeter's representation was the defendant's representatives, yet in deposing the DePuy sales representative who dealt with Dr. Graeter, her counsel asked no

questions about any warranties made.  (Def.'s Opp. to Pl.'s Mots. to Amend and Take Dep. at 3, 6.)  It seems no coincidence that plaintiff filed these motions only after defendant had sought summary judgment.  Finally, plaintiff offered no justification or excuse for the delay.

Nevertheless, the court must assess the prejudice to the defendant if plaintiff is allowed to amend the complaint.  In this regard, defendant makes one conclusory statement in passing at the end of its opposition, that "[i]t is also unfair to DePuy, which should not be put to the delay, expense and other prejudice of suddenly having to defend a 'new' claim of which Hunt was aware all along." (Pl.'s Summ. J. Opp. at 7.)  The opposition is wholly devoid of any factual allegations or details to demonstrate the prejudice it claims.  Defendant makes no allegation that any discovery beyond this one deposition would be necessary, or that Dr. Graeter's deposition would be unduly burdensome in any way.  Defendant makes no allegation that the amended complaint would dramatically alter the nature and scope of the case, or that the time and effort spent on its dispositive motion would be rendered wasted.  Furthermore, defendant has not shown that preparing any revised dispositive motion resulting from the additional claim would be disproportionately more costly or time consuming than the motion already filed.

-6-

The express warranty claim may present a proper subject of relief.  It is best to permit an opportunity for it to be resolved on the merits.  Because the prejudice defendant has demonstrated is minimal, if any, and because leave to amend should be freely allowed as justice requires, plaintiff will be allowed to amend her compliant and to take Dr. Graeter's deposition.  Furthermore, defendant's motion for summary judgment will be denied without prejudice either to refiling it if warranted after the one additional deposition is completed or to filing a new motion with additional or reformulated arguments.

## CONCLUSION AND ORDER

Although plaintiff has unduly delayed in filing her motions, the defendant has not demonstrated sufficient prejudice to it should the motions be granted.  Plaintiff's motions for leave to file an amended complaint and to take Dr. Graeter's deposition will be granted.  Accordingly, it is hereby

ORDERED that plaintiff's motion for leave to file an amended complaint [#34] be, and hereby is, GRANTED.  It is further

ORDERED that plaintiff's motion for leave to depose Dr. James H. Graeter [#35] be, and hereby is, GRANTED.  It is further

ORDERED that defendant's motion for summary judgment [#31] be, and hereby is, DENIED without prejudice.

...

-7-

SIGNED this 22nd day of September, 2005.

                                          /s/
                            RICHARD W. ROBERTS
                            United States District Judge