UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                          |   |                              |
|--------------------------|---|------------------------------|
| MARLA HUNT,              | ) |                              |
| Plaintiff,               | ) |                              |
| v.                       | ) | Civil Action No. 03-900 (RWR)|
| DEPUY ORTHOPAEDICS, INC.,| ) |                              |
| Defendant.               | ) |                              |

**MEMORANDUM OPINION**

Plaintiff Marla Hunt sued DePuy Orthopaedics, Inc. ("DePuy"), manufacturer of her prosthetic hip, for breach of implied warranties, breach of express warranty, and replevin. DePuy filed a motion for summary judgment, which was granted with respect to all of Hunt's claims except for replevin, and now moves again for summary judgment on the replevin claim. Because Hunt's abandonment of the prosthetic hip components is a complete defense to her replevin claim, DePuy's motion for summary judgment will be granted.

BACKGROUND

The background of this case is discussed fully in Hunt v. DePuy Orthopaedics, Inc., 636 F. Supp. 2d 23 (D.D.C. 2009). Briefly, Hunt had hip replacement surgery in 1994 and required repairs to the prosthetic hip, manufactured by DePuy, five years later. Id. at 24-25. The surgeon who repaired Hunt's hip in

1999, Dr. Paul Manner, gave the defective hip prosthesis components to a DePuy sales representative to take back to the company and informed Hunt after the surgery that DePuy was in possession of the components. (Def.'s Mem. of P. & A. in Supp. of Def.'s Mot. for Summ. J. as to Pl.'s Replevin Claim ("Def.'s Mem."), Ex. A, Hunt Dep. at 149:1-5; Ex. B. at 6.) After four years elapsed, Hunt requested the return of the hip components by filing this claim for replevin. Hunt, 636 F. Supp. 2d at 28. DePuy has filed a motion for summary judgment, arguing that the hip is valueless and that Hunt abandoned the hip. (Def.'s Mem. at 1-2.)

## DISCUSSION

Summary judgment may be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Moore v. Hartman, 571 F.3d 62, 66 (D.C. Cir. 2009). A court considering a motion for summary judgment must draw all "justifiable inferences" from the evidence in favor of the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The nonmoving party, however, must do more than simply "show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, the nonmovant

must "come forward with specific facts showing that there is a genuine issue for trial." Id. at 587 (internal quotation marks and emphasis omitted). In the end, "the plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Replevin is an action "brought to recover personal property to which the plaintiff is entitled, that is alleged to have been wrongfully taken or to be in the possession of and wrongfully detained by the defendant[.]" D.C. Code § 16-3701. While the D.C. Court of Appeals has never held explicitly that abandonment of personal property is a defense to a replevin action, it has held that "[a]bandonment of personal property is a complete defense to an action for conversion." Block v. Fisher, 103 A.2d 575, 576 (D.C. 1954). The "essence" of both a replevin action and a conversion action is the "wrongful withholding of the property in question." Mac'Avoy v. Smithsonian Inst., 757 F. Supp. 60, 67 (D.D.C. 1991). Because a defendant cannot wrongfully withhold property that the plaintiff has abandoned, abandonment must also serve as a complete defense to a replevin action. Accord Graff v. Triple B Dev. Corp., 622 S.W.2d 755, 756

(Mo. Ct. App. 1981) ("Abandonment, if proved, is a complete defense to an action for replevin and precludes recovery.").

To prove abandonment, a party must demonstrate both an intent to abandon and an act or omission that effectuates the intention. Block, 103 A.2d at 576. Determining the intent to abandon is a fact-intensive inquiry. Am. Petroleum Inst. v. EPA, 216 F.3d 50, 57 (D.C. Cir. 2000) (per curiam).

Here, Dr. Manner turned over the defective prosthetic hip components to a DePuy sales representative after Hunt's surgery. Hunt argues in her brief that "[a]s a practical matter the defendant would have seemed to have been a safe repository for the appliance and plaintiff had no reason to request its return until such time as she sought redress from the defendant for its promotion and sale of the defective component[.]" (Pl.'s Opp'n at 5.) However, she presents no discovery materials, affidavits, or declarations reflecting specific facts showing her intent that DePuy hold the components for safekeeping until she requested their return in 2003. The facts in the record show the opposite. Hunt knew right after her surgery that DePuy had taken possession of the components. She neither voiced any objection nor asked for the return of the components nor asked that DePuy's possession be temporary. During the four years that went by after DePuy took possession of the components, Hunt never asked for them back, and there is no evidence that she sought assurance

of their safekeeping. The facts support only the inference that Hunt abandoned the property. See Block, 103 A.2d at 576 (finding that appellant abandoned property he left in appellees' yard for eight months). DePuy is therefore entitled to summary judgment on the replevin claim.

## CONCLUSION

The undisputed material facts demonstrate that Hunt abandoned the components. That provides a complete defense against her replevin claim, and entitles DePuy to judgment as a matter of law. Accordingly, DePuy's motion [58] for summary judgment will be granted. An appropriate Order accompanies this Memorandum Opinion.

SIGNED this 4th day of August, 2010.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge